821 P.2d 211

**The STATE of Arizona, Appellant,**

**v.**

**James C. HOUPT, Appellee.**

**No. 2 CA–CR 91–0038**

Court of Appeals of Arizona, Division 2, Department A.

May 23, 1991.

Review Denied Dec. 17, 1991.

Stephen D. Neely, Pima County Atty. by Lee Roads, Tucson, for appellant.

Thomas E. Higgins, Jr., Tucson, for appellee.

OPINION

LIVERMORE, Presiding Judge.

On August 26, 1990 at 10:19 p.m., Officer Phillip Young of the Tucson Airport Authority Police received information from a "reliable source," inferentially an American Airlines ticket agent, that defendant had just checked an unusually heavy suitcase while purchasing for cash a ticket to Louisville, Kentucky. Officer Young examined the bag, a large black nylon suitcase weighing twenty-six pounds, and another officer called for a narcotics detection dog. He then went to the concourse where defendant was waiting to board his flight. Defendant, Young testified, appeared extremely nervous. At 10:43 p.m., Young approached defendant, told him he was conducting a narcotics investigation, gave him *Miranda* warnings, and asked to see his ticket and identification. At 10:47, Young was told that the detection dog had alerted when examining defendant's suitcase. Defendant was arrested. His suitcase was searched pursuant to a warrant and twenty-six pounds of marijuana was recovered. That marijuana was suppressed by the trial court because there was not reasonable suspicion to stop defendant for inquiry. While we agree that there was not reasonable suspicion, we reverse the trial court's order because the discovery of the marijuana was not the result of anything learned during the illegal stop.

■ The state's argument on appeal that defendant's conduct in purchasing an airline ticket for cash, checking in a twenty-six pound suitcase, and to an officer, appearing nervous, created a reasonable suspicion that defendant was involved in a narcotics transaction is unsupported by any case remotely on point. Those facts are plainly insufficient to authorize a detention. See *United States v. Sokolow*, 490 U.S. 1, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989); *Reid v. Georgia*, 448 U.S. 438, 100 S.Ct. 2752, 65 L.Ed.2d 890 (1980).

■ Reasonable suspicion, however, as the trial court recognized, is not necessary before agents may use a narcotics detection dog, or other techniques, to examine a suitcase while it is being held by airline personnel so long as that examination does not meaningfully interfere with defendant's possessory interest. *United States v. Lovell*, 849 F.2d 910 (5th Cir. 1988); *United States v. Beale*, 736 F.2d 1289 (9th Cir.1984). That being so, the discovery of marijuana in defendant's suitcase was legal and was wholly independent of the illegal stop of defendant in the airport concourse. As the discovery was not

the fruit of the illegality, the marijuana should not have been suppressed.

Reversed.

HATHAWAY and LACAGNINA, JJ., concur.